**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Iris Born-Betts, | No. CV-23-02061-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Nicole Passage, | |
| Defendant. | |

Defendant Nicole Passage ("Defendant") asks the Court to reconsider its decision to award attorneys' fees to Plaintiff under 28 U.S.C. § 1447(c) for improper removal of this action to federal court.  (Doc. 24).  The Court allowed Plaintiff to file a response or a notice that she no longer intends to seek attorneys' fees.  (Doc. 25).  Plaintiff filed a Response in opposition of Defendant's Motion (Doc. 29) as well as a Motion for Attorneys' Fees (Doc. 28), which is now fully briefed.  (Docs. 31–32).

## I.     Background

This case arises from Defendant's sale of a home to Plaintiff for $330,000.00.  (Doc. 23 at 1).  Plaintiff alleged in her Complaint that she learned of defects in her home that should have been disclosed to her prior to the sale.  (*Id.*)  On January 26, 2023, Plaintiff sued Defendant in state court, asserting several claims for relief under Arizona state law, including: breach of agreement to mediate, breach of contractual warranty, common law fraud, and consumer fraud.  (Doc. 1-3 at ¶¶ 39, 46, 52, 65).  Plaintiff seeks relief in the form of compensatory and punitive damages in an amount to be proven at trial as well as

1    rescission of the contract, rescissory damages, costs, attorney's fees, expert witness fees

2    and pre & post judgment interest.  (Doc. 1-3, ¶ 68).  Defendant was served on April 11,

3    2023, and Plaintiff sought default judgment on May 29, 2023.  (Doc. 23 at 4; Doc. 1 at ¶ 8).

4    Defendant subsequently appeared and filed a motion to set aside default and a motion to

5    dismiss.  (Doc. 1 at ¶¶ 9–10).  The state court granted the motion to set aside and told the

6    parties it would review the motion to dismiss after the parties went to mediation.  The

7    mediation was unsuccessful.  (*Id.* at ¶ 11).  On September 15, 2023, Plaintiff moved for

8    leave to amend her Complaint.  (*Id.* at ¶ 15).

9    Before the state court ruled on the motion for leave to amend or the motion to

10    dismiss, on October 2, 2023, Defendant removed this case to federal court by invoking the

11    Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  (Doc. 1).  Plaintiff filed a

12    Motion to Remand this case back to state court.  (Doc. 15).  The Court granted Plaintiff's

13    Motion to Remand because it found that Defendant's Notice of Removal was untimely

14    under 28 U.S.C. § 1446(b)(1) (requiring that a defendant desiring to remove a civil action

15    from state court to federal court file their notice of removal "within 30 days after the receipt

16    by the defendant, through service or otherwise, of a copy of the initial pleading setting forth

17    the claim for relief upon which such action or proceeding is based").  (Doc. 23 at 6).

18    In doing so, the Court concluded that Plaintiff's January 26 Complaint, which

19    sought recission damages relating to the sale contract, affirmatively revealed on its face the

20    facts necessary to establish federal jurisdiction.  (*Id.* at 5 (citing *Rosen v. Chrysler Corp.*,

21    205 F.3d 918, 922 (6th Cir. 2000) (holding that the amount in controversy related to the

22    recission of a contract is "the full contract price paid by [the] plaintiffs")).  The Court also

23    concluded that Plaintiff was entitled to attorney's fees associated with defending against

24    Defendant's removal under 28 U.S.C. § 1447.  (*Id.* at 6).  Under Section 1447, "[a]n order

25    remanding the case may require payment of just costs and any actual expenses, including

26    attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  The Court found

27    that, because Plaintiff's original Complaint was facially removable, Defendant lacked an

28    objectively reasonable basis for seeking to remove the case months after it was put on

notice of its removability; therefore, fees were warranted under Section 1447(c).  (Doc. 23 at 6 (citing *Martin v. Franklin Cap. Corp*., 546 U.S. 132, 141 (2005) (stating that "where the removing party lacked an objectively reasonable basis for seeking removal," attorney's fees are proper).

After the Court remanded this case to state court, Defendant filed a Motion for Reconsideration as to the Court's fee award only.  (Doc. 24).  The Court allowed Plaintiff to file a response to Defendant's Motion (Doc. 25), which she has done (Doc. 29).  She has also filed a separate Motion for Attorney Fees to substantiate the fees she seeks to collect. (Doc. 28).  Now, the Court will address these Motions.

## II. Defendant's Motion for Reconsideration

Defendant asks the Court to reconsider its prior ruling granting Plaintiff attorneys' fees under 28 U.S.C. 1447(c) for an improper removal.  (Doc. 24 at 1).  Defendant argues that the Court's finding that "Plaintiff's Complaint 'was facially removable,' such that Defendant subsequently 'lacked an objectively reasonable basis for seeking to remove the case' reflects a manifest error."  (*Id*.).  Defendant asserts that Plaintiff's Complaint failed to establish a valuation over $75,000.00.  (*See id*).  Defendant states that this is so for three reasons: "(1) Such an amount in controversy is controverted by Plaintiff's tiering of the case for state-court purposes; (2) the Complaint on its face does not state a claim for rescission or plausibly support the demand for recissionary relief; and (3) the Complaint does not address the *value*, current or otherwise, of the property."  (*Id*.) Plaintiff, in response, argues that Defendant's Motion for Reconsideration should be denied because it improperly advances new arguments that should have been raised in Defendant's Response to Plaintiff's Motion to Remand and because Defendant's other remaining arguments recycle arguments already made and rejected by the Court.  (Doc. 29 at 1).

### A. Legal Standard

Motions for reconsideration should be granted only in rare circumstances.  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or

the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Indeed, Arizona Local Rule of Civil Procedure 7.2 ("LRCiv 7.2") provides that "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). The movant must specify "[a]ny new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier." *Id.* This is because "[m]otions for [r]econsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

A motion for reconsideration should not be used for the purpose of asking a court "to rethink what the court had already thought through—rightly or wrongly." *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

**B.     The Court will not Reconsider its Prior Rulings**

Defendant first argues that "the Court appears to have overlooked the import of Plaintiff's choice to classify her Complaint as a Tier 2" and that "Tier 2 actions are those in which the plaintiff claims between $50,000 and $300,000." (Doc. 24 at 2). This argument was previously raised in Defendant's Response to the Motion to Remand but was not directly addressed by the Court's prior Order because the Court found that "Plaintiff's Complaint affirmatively reveal[ed] on its face the facts necessary for federal court jurisdiction"—which was a dispositive issue. (Docs. 19 at 3; Doc. 23 at 5).

The Court also addressed a similar state court specific argument Defendant made: that Arizona's mediation privilege prevented it from using a "confidential document" as

its basis for removal. (Doc. 19 at 4). This document states that Plaintiff estimates her damages at approximately $600,000. (Doc. 1-3 at 19). The Court found that this document put Defendant on notice that the case was removable and kickstarted the thirty-day requirement for a notice of removal to be filed because "federal law governs the determination [of] whether a case exceeds the amount in controversy necessary for a diversity action to proceed in federal court." (Doc. 23 at 6 (citing *Babasa v. LensCrafters, Inc*., 498 F.3d 972, 975 (9th Cir. 2007)). So, Plaintiff's "Tier 2" choice of tiering in Arizona state court was not enough to show that Defendant was not on notice that this case was removable. *See Rieke v. ManhattanLife Assurance Co. of Am*., 2020 WL 3056123, at *1 (D. Ariz. June 9, 2020) ("while Plaintiff's tier selection is some evidence of her amount in controversy, it is not enough, by itself, to prove by a preponderance of the evidence that Plaintiff's damages in the action exceed the $75,000.").

Defendant next asserts a new argument: that a party must "properly state a claim for rescission before a court evaluates any associated amount in controversy." (Doc. 24 at 2). Defendant essentially argues that authority that the Court relied on, *Rosen v. Chrysler Corp*., requires a Plaintiff to properly state a claim for rescission. 205 F.3d 918, 921 (6th Cir. 2000). It does not. *Rosen* recognized that "[i]n diversity cases, the general rule is that the amount ***claimed*** by a plaintiff in his complaint determines the amount in controversy, unless it appears to a legal certainty that the claim is for less than the jurisdictional amount." *Id*. at 920–21 (citing *Saint Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 288–89 (1938)). Procedurally, *Rosen* arose from the trial court's dismissal for lack of subject matter jurisdiction. *Id*. at 920. *Rosen* restated the trial court's conclusion that the plaintiffs had "alleged facts which, if taken as true, state a claim for recission." *Id*. The Sixth Circuit did not state anywhere in the *Rosen* opinion that the plaintiffs were required to adequately state a claim for recission for the court to consider the amount in controversy, however. *See id*. at 920–22. Defendant's argument would run afoul of the general rule that the amount in controversy represents "an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc*., 627

F.3d 395, 400 (9th Cir. 2010).

Furthermore, in the Ninth Circuit, district courts have frequently used "the value of the object of the contract as the value of the rescission claim for the amount-in-controversy determination" without addressing whether the plaintiff has sufficiently alleged a claim for rescission. *See Pacheco v. Split-T Mgmt., LLC*, 2021 WL 3568126, at *2 (C.D. Cal. Aug. 10, 2021); *Locher v. Thor Motor Coach, Inc*., 2017 WL 6016114, at *2 (S.D. Cal. Dec. 5, 2017); *Diaz v. Carmax Auto Superstores California, LLC*, 2015 WL 3756369, at *3 (E.D. Cal. June 16, 2015). Here, the value of the object of the contract is Plaintiff's home which she purchased for $330,000. Other district courts have used the purchase price of the object, rather than the present value of the object, to determine the amount in controversy as well. *See Diaz,* 2015 WL 3756369, at *3 (finding that the amount in controversy was the amount the plaintiff had financed for the purchase of a vehicle, i.e., the contract price); *see also Garcia v. Citibank, N.A*., 2010 WL 1658569, at *2 (E.D. Cal. Apr. 23, 2010) (finding that the amount in controversy in a rescission action was the value of the plaintiff's mortgage which they took a loan out for (the contract price)). Defendant's argument that a party must "properly state a claim for rescission before a court evaluates any associated amount in controversy" is therefore without merit.

Finally, Defendant renews an argument which it made previously: that Plaintiff's Complaint did not demonstrate that this case was removable because it did not indicate the potential "value" of any of the items Plaintiff's sought to recover in damages. (Doc. 19 at 2; Doc. 24 at 3–4). Defendant specifically argues that the Court was required to use the present value of the house, not the purchase price, when deciding the amount in controversy question. (Doc. 24 at 3). Defendant does not argue, however, that the home she sold for $330,000 two years ago is now valued at less than $75,000 for amount in controversy purposes. (*See id*.) Again, Plaintiff's "Request to Initiate Mediation/Arbitration" states that she values her damages at approximately $600,000.00—more than enough to establish the amount in controversy requirement to invoke this Courts diversity jurisdiction. (Doc. 1-3 at 19).

1    In its prior Order, the Court noted that Plaintiff sought "rescission of the contract as

2  well as 'rescissory damages.'"  (Doc. 23 at 5).  Based on this, the Court concluded that the

3  amount Plaintiff sought in damages was *at least* $330,000—the value of the contract itself.

4  (*Id.* (citing *Diaz*, 2015 WL 3756369, at *3 ("In actions for rescission, Courts have used the

5  value of the object of the contract as the value of the rescission claim for the amount-in-

6  controversy determination.")).  Any argument that the amount in controversy was uncertain

7  is a repeat argument that the Court will not reconsider.  *See Leong*, 689 F. Supp. at 1573.[1]

8    Thus, none of Defendant's arguments entitle her to relief.  So, the Court will next

9  address Plaintiff's Motion for Attorney Fees.

10  **III.    Plaintiff's Attorney Fees Motion**

11    Plaintiff seeks reasonable attorney fees of $18,954.00 for 34.7 hours of attorney and

12  paralegal time.  (Doc. 28 at 7).  The Court previously determined that Plaintiff is eligible

13  and entitled to attorneys' fees related to her Remand Motion (Doc. 15) under Section

14  1447(c).  (Doc. 23 at 6).  Defendant argues that the Motion should be denied as (1) Plaintiff

15  concedes that this matter presented an unprecedented, novel issue within the Ninth Circuit

16  which precludes a fee award under *Zendejas v. Shell Oil Co.*, 2008 WL 5214741, at *3

17  (D. Ariz. Dec. 11, 2008); (2) Plaintiff's Counsel failed to meet and confer fully and in good

18  faith; (3) all of Plaintiff's Counsel's fee entries contain disputed facts, unsubstantiated

19  descriptions, and/or unreasonable or excessive charges; and (4) Plaintiff's Motion fails to

20  satisfy the criteria for an award under LRCiv 54.2.[2]  (Doc. 31 at 1–2).  The Court will

21  address Defendant's first two arguments before addressing her last two in conjunction with

22  the reasonableness of Plaintiff's fee Motion.

23  _____

24  [1] Even if it were to consider this argument, the Court noted above that other district courts have used the purchase price of the object, rather than the present value of the object, to
25  determine the amount in controversy; so, this argument would fail.  *See Diaz*, 2015 WL 3756369, at *3 (finding that the amount in controversy was the amount the plaintiff had
26  financed for the purchase of a vehicle, i.e., the contract price); *see also Garcia*, 2010 WL 1658569, at *2 (finding that the amount in controversy in a rescission action was the value
27  of the plaintiff's mortgage (the contract price)).

28  [2] Defendant's third and fourth arguments will necessarily be addressed when the Court considers the factors enumerated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

### A.   Novel Issue

Defendant argues that Plaintiff stated in her Motion that "this 'matter presents an unprecedented, novel issue on removal.' " (Doc. 31 at 6 (quoting Doc. 28 at 5)). Plaintiff argues that she is entitled to fee shifting under *Martin* because other circuits that have addressed this issue have all agreed that in a recission claim, the amount of damages is equal to the contract price. (Doc. 32 at 1–2). Plaintiff also argues that the Ninth Circuit instructs courts to consider whether federal authority outside this circuit supports or contradicts a defendants claim for removal. (*Id*. (citing *Lussier v. Dollar Tree Stores, Inc*., 518 F.3d 1062, 1066 (9th Cir. 2008)).

*Martin* states that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp*., 546 U.S. 132, 141 (2005). Based on this case law, the Court found that fees were warranted under 28 U.S.C. § 1447 since Plaintiff's Complaint was removable on its face. (Doc. 23 at 6).

Defendant argues that other courts within this district have declined to award fees on this same exact issue because it is an issue of first impression in the Ninth Circuit. *Zendejas*, 2008 WL 5214741, at *3 (D. Ariz. Dec. 11, 2008). Indeed, "when removal is premised on an issue of first impression in a jurisdiction, fees are generally not awarded." *Bullock v. Zimmer, Inc*., 2010 WL 11515474, at *4 (D. Ariz. June 8, 2010) (citing *id*.). This argument fails, however, because it ignores the Court's alternative holding—that "[e]ven assuming, *arguendo*, that Plaintiff's Complaint did not facially reveal that the case was removeable, the Court finds that Defendant was put on notice that the case was removable no later than August 25, 2023, when Plaintiff filed her 'Request to Initiate Mediation/ Arbitration.' " (Doc. 23 at 5).

In her Motion to Remand, Plaintiff argued in the alternative that a filing as part of the parties' mediation on August 25, 2023, affirmatively demonstrated the facts necessary for removal. (Doc. 14 at 6). Defendant had argued that Arizona's statutory mediation privilege, A.R.S. § 12-2238, barred the use of this filing—so it could not remove until

September 15, 2023—when Plaintiff filed her Motion for Leave to Amend her Complaint. (Doc. 19 at 5–6).  The Court, in addressing this argument, found that "Pleadings protected by state law privileges, such as the Arizona mediation privilege, still put a defendant on notice that the case is removable and kickstart the thirty-day requirement for a notice of removal to be filed." (Doc. 23 at 5 (citing *Babasa v. LensCrafters, Inc*., 498 F.3d 972, 975 (9th Cir. 2007) (stating that, even where the mediation privilege applies, the pleading constitutes § 1446(b) notice for purposes of removal to federal court)).  The Court will not disturb this previous finding—as it was correct and supported by relevant authority. *Defenders of Wildlife*, 909 F. Supp. at 1351.

Defendant's novel issue argument also fails because the court in *Zendejas* is distinguishable from this case.  2008 WL 5214741.  There, the district court dealt with whether it should follow the Fifth Circuit's approach that the one-year deadline to remove may be extended in the event of forum manipulation by the plaintiff; or the Eleventh Circuit's approach that the one-year limit in § 1446(b) is an absolute bar to removal.  *See id*. at *2 (citing *Tedford v. Warner–Lambert Company*, 327 F.3d 423 (5th Cir. 2003), *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 n. 12 (11th Cir.1994)).  Here, however, there is no circuit split; but a plethora of supportive district court authority from this circuit which has frequently used "the value of the object of the contract as the value of the rescission claim for the amount-in-controversy determination." *Pacheco*, 2021 WL 3568126, at *2; *see also Diaz*, 2015 WL 3756369, at *3; *Garcia*, 2010 WL 1658569, at *2; *Locher v. Thor Motor Coach, Inc*., 2017 WL 6016114, at *2 (S.D. Cal. Dec. 5, 2017).

Thus, this issue is not a novel issue because of a surplus of relevant case law from district courts within this circuit, so, the Court will not change its determination that Plaintiff is entitled to fees under Section 1447(c).

**B.    Meet and Confer in Good Faith**

The parties contest who failed to meet and confer before Plaintiff filed her fees motion. (Docs. 31 at 1; 32 at 2).  Defendant states that Plaintiff refused to provide "relevant billings and payments to facilitate the conference." (Doc. 31 at 4).  Plaintiff states that "[i]t

took multiple instances of follow up to persuade counsel to agree or schedule a call" and that Defendant sought "attorney-client privileged material, work product, material that would have revealed the strategy in State Court, and billings for work that Betts would not be seeking compensation for in this application."  (Doc. 32 at 2–3).

Local Rule 54.2(d) provides that:

> No motion for award of attorneys' fees will be considered unless a separate statement of the moving counsel is attached to the supporting memorandum certifying that, after personal consultation and good faith efforts to do so, the parties have been unable to satisfactorily resolve all disputed issues relating to attorneys' fees or that the moving counsel has made a good faith effort, but has been unable, to arrange such conference. The statement of consultation shall set forth the date of the consultation, the names of the participating attorneys and the specific results or shall describe the efforts made to arrange such conference and explain the reasons why such conference did not occur.

LRCiv 54.2(d).

Plaintiff's Counsel has attached such a statement to Plaintiff's Motion.  (Doc. 28-5).  Defendant states that, when the parties met and conferred, Plaintiff's Counsel stated his fee request was $15,000 but would not substantiate this figure.  (Doc. 31 at 4).  Defense Counsel also states that Plaintiff's Counsel threatened that his fee request would go up if Defendant did not agree to pay $15,000.  (*Id*.)  Defendant has attached some of the emails between Defense Counsel and Plaintiff's Counsel for the Court's review.  (*See e.g.*, Doc. 31-1).  While it appears that this meet and conferral was tumultuous (*See* Doc. 31-1 at 8 (Plaintiff's Counsel stated to Defense Counsel that "[y]our characterization of our call in your 'notice' was so highly inaccurate it was cartoonish")), Plaintiff's Counsel did attach a separate statement that he "met and conferred with [Defense Counsel] by telephone on December 27, 2023. After personal consultation and good faith efforts to do so, the parties have been unable to satisfactorily resolve all disputed issues relating to attorneys' fees."  (Doc. 28-5).  Plaintiff's Counsel also states that Defense Counsel sought overbroad information, but that he did give Counsel limited disclosure of the amount he would be seeking.  (Doc. 32 at 3).  Plaintiff's Counsel further states that he was avoiding disclosure of privileged or protected work product as cautioned by Local Rule 54.2(E)(2), which states

1    that "counsel should be sensitive to matters giving rise to issues associated with the

2    attorney-client privilege and attorney work-product doctrine, but must nevertheless furnish

3    an adequate nonprivileged description of the services in question." (*Id.*)

4         "All that Local Rule 54.2(d)(1) requires is that the moving party makes a good faith

5    *effort* to consult with the non-moving party in order to resolve disputed issues." *United*

6    *States v. Bus. Recovery Servs., LLC*, 2012 WL 748324, at *4 (D. Ariz. Mar. 8, 2012)

7    (emphasis in original).  From the above, the Court finds Plaintiff's Counsel has done so.

8    Plaintiff's Counsel set up a telephonic conference, provided Defense Counsel with limited

9    discovery and has submitted an affidavit that he made a good faith effort to meet and

10   confer.  So, this argument will not preclude the Court from considering Plaintiff's

11   Fee Motion.

12        **C.       Reasonableness of the Fees Sought**

13        Plaintiff's Motion goes through the relevant *Kerr* factors and requests a total award

14   for fees and costs of $18,954.00.  (Doc. 28 at 4–7).  Defendant argues that Plaintiff's

15   Counsel's fee entries contain disputed facts, unsubstantiated descriptions, and/or

16   unreasonable or excessive charges and fails to satisfy the criteria for an award under LRCiv

17   54.2.  (Doc. 31 at 1–2).  The Court will review the *Kerr* factors to determine whether the

18   fees sought are reasonable.

19        A party seeking an award of attorney's fees must show (1) it is eligible and entitled

20   to an award, and (2) that the amount sought is reasonable.  *See* LRCiv 54.2(c).  A plaintiff

21   is entitled to an award of attorney's fees if they are the prevailing party.  *McGlothlin v. ASI*

22   *Cap. Ventures LLC*, 2021 WL 857367, at *1 (D. Ariz. Mar. 8, 2021).  The party petitioning

23   for attorneys' fees bears the burden of establishing entitlement to an award by submitting

24   detailed time records justifying the hours expended.  *Hensley v. Eckerhart*, 461 U.S. 424,

25   437 (1983).

26        In a removal action, Section 1447 authorizes "just costs and any actual expenses,

27   including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent

28   unusual circumstances, courts may award attorney's fees under § 1447(c) only where the

1    removing party lacked an objectively reasonable basis for seeking removal.  Conversely,

2    when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at

3    141.  The issue is committed to the discretion of the district court.  *Id.*

4         District courts in the Ninth Circuit use the "lodestar method" to assess the

5    reasonableness of attorney fees sought.  *Six Mexican Workers v. Ariz. Citrus Growers*, 904

6    F.2d 1301, 1311 (9th Cir. 1990).  Under the lodestar method, the Court determines the

7    initial lodestar figure by taking a reasonable hourly rate and multiplying it by the number

8    of hours reasonably expended on the litigation.  *Blanchard v. Bergeron*, 489 U.S. 87, 94

9    (1989) (citing *Hensley*, 461 U.S. at 433).  To determine whether an award is reasonable,

10   courts assess the following factors:

> (1) the time and labor required
> (2) the skill requisite to perform the legal service properly
> (3) the preclusion of other employment due to acceptance of the case;
> (4) the customary fee
> (5) the novelty and difficulty of the questions involved
> (6) whether the fee is fixed or contingent
> (7) time limitations imposed by the client or the circumstances
> (8) the amount involved and the results obtained
> (9) the experience, reputation, and ability of the attorneys
> (10) the 'undesirability' of the case
> (11) the nature and length of the professional relationship with the client, and
> (12) awards in similar cases.

19   *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S.

20   951 (1976); *see also* LRCiv 54.2(c)(3).

21              **1.       Eligibility and Entitlement**

22         Plaintiff is entitled to fees related to her defense of the removal.  (Doc. 23 at 6).

23   Plaintiff also argues she is eligible for and entitled to an award of fees associated with

24   preparing her Fee Motion. (Doc. 28 at 2).  Indeed, in statutory fee cases such as this one,

25   "federal courts . . . have uniformly held that time spent in establishing the entitlement to an

26   amount of the fee is compensable." *See Camacho v. Bridgeport Fin. Inc*., 523 F.3d 973,

27   981 (9th Cir. 2008).  "This is so because it would be inconsistent to dilute a fees award by

28   refusing to compensate attorneys for the time they reasonably spent in establishing their

rightful claim to the fee." *Id*.  Therefore, Plaintiff is entitled to an award of fees with respect to her Motion for Attorney Fess as well.  (Doc. 28).

**2.** ***Kerr* Factors**

Upon review of Counsel's Itemization of Attorney Fees & Costs, the Court finds that this is a reasonable amount of time spent on the matter.  (Doc. 28-4 at 1–2).

### i.    Time and Labor Required

Generally, the prevailing party is "entitled to recover a reasonable attorneys' fee for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest[.]" *Twin City Sportservice v. Charles O. Finley & Co*., 676 F.2d 1291, 1313 (9th Cir. 1982).  Plaintiff represents this case required 34.7 hours of work from both counsel and his paralegal.  (Doc. 28 at 7).  1.6 hours of work for the paralegal and 33.1 for Plaintiff's Counsel.  (Doc. 28-4 at 1–2).  Overall, the Court finds the time and labor required to represent Plaintiff as accounted for in the billing entries are accurate and reasonable.  *See* LRCiv 54.2(e)(2) ("The party seeking an award of fees must adequately describe the services rendered so that the reasonableness of the charge can be evaluated."); *see also Ecoshield Pest Sols. N. DC LLC v. Dixon*, 2022 WL 2117844, at *5 (D. Ariz. June 13, 2022) (finding 81.10 hours of work on a similar case reasonable).

### ii.    Requisite Skill

Plaintiff represents that this case required "substantial skill" as federal remand litigation is not easy.  (*Id*.)  This action did require a level, although not substantial experience, in federal law and procedure.

### iii.    Preclusion of Other Employment

Plaintiff's counsel represents that he was precluded from other employment due to capacity issues.  He further states that he has had to turn potential clients away.  (*Id*.)

### iv.    Customary Fee

Plaintiff's Counsel asserts that his hourly rate of $600.00 is reasonable, given that similar attorneys practicing real estate litigation in Arizona charge between $500.00 and

$800.00 per hour.  (*Id.* at 6).  Plaintiff also references an attorney with a similar practice who charges $575 per hour.  (*Id.*)

The party seeking an award of attorneys' fees bears the burden of demonstrating that the rates requested are "in line with the prevailing market rate of the relevant community."  *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006) (citing *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 696 (9th Cir. 1996)).  Generally, "the relevant community is the forum in which the district court sits."  *Camacho v. Bridgeport Fin., Inc*., 523 F.3d 973, 979 (9th Cir. 2008) (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).  "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate."  *United Steelworkers of Am. v. Phelps Dodge Corp*., 896 F.2d 403, 407 (9th Cir. 1990).

The Court does not agree that Counsel's hourly rate is reasonable.  Plaintiff has submitted an affidavit from a "Christopher A. Combs," a real estate attorney who charges $575 per hour.  (Doc. 28-2 at 2–3).  However, Plaintiff has not cited a single case where an hourly rate close to his rate was approved by any court in this district.  The Court could not find such a case on its own either.  In recent years, fee motions seeking rates close to $600 have consistently been reduced.  *See e.g.*, *Brown v. Life Ins. Co. of N. Am*., 2018 WL 11319009, at *2 (D. Ariz. June 19, 2018) ("The Court finds that $450 per hour (as opposed to $600 per hour) is a reasonable hourly rate"); *World Nutrition Inc. v. Advanced Supplementary Techs. Corp*., 2022 WL 2111226, at *4 (D. Ariz. June 10, 2022) (applying a $525 hourly rate where counsel sought a rate of $635 per hour).

Furthermore, in cases similar to this case where counsel seeks fees under 28 U.S.C. § 1447, attorneys in this district have sought and been awarded $300–$400 per hour.  *Ecoshield*, 2022 WL 2117844, at *5.  So, based on the rate determinations in other cases within this district, the Court will reduce Plaintiff's Counsel's hourly rate to $450 per hour.

### v.    Novelty and Difficulty

Plaintiff represents that this case was sophisticated and required extensive

knowledge of real estate law as well as federal law on remand and removal.  (Doc. 28 at 5).  The Court held above that the issues presented herein are not novel in nature because they have been addressed by a number of district courts within this circuit.  *See e.g., Diaz*, 2015 WL 3756369, at *3.  So, the Court also finds here that this action did not present any novel or difficult issues.  Accordingly, the Court will further reduce counsel's rate to $400 an hour—a rate in line with attorney's litigating similar issues and facts in this district.  *Ecoshield*, 2022 WL 2117844, at *5.

### vi.    Fixed or Contingent Fee

It appears that Plaintiff's counsel worked on a fixed fee basis, but this fact is not affirmatively stated in the Motion.  (*See id*.)

### vii.    Time Limitations

Plaintiff's Counsel does not state whether Plaintiff imposed any time limitations upon him, aside from that of the local rules.

### viii.    Amount Involved & Results Obtained

Plaintiff states that the amount at stake is $600,000 based on Defendant's Notice of Removal.  (*Id*.)

### viiii.    Experience & Reputation of Counsel

According to Plaintiff's counsel, he has been practicing in Arizona for 13 years and is experienced and qualified.  (*Id*. at 4).  The Court agrees.

### x.    The Case's Undesirability

This case is neither particularly desirable nor undesirable.  This factor is neutral.

### xi.    Nature and Length of relationship with the Client

Plaintiff states that she has been a client of Plaintiff's Counsel, Mr. Samuel Doncaster, since 2022.  Thus, it appears Plaintiff's relationship with Mr. Doncaster and the Fraud Fighters law firm began at the inception of this case.  (*Id*. at 6).

### xii.    Awards in Similar Cases

Plaintiff references several similar actions, including *Leong v. Havens*, 2019 WL 5106387, at *3 (N.D. Cal. Apr. 30, 2019), where that court separately awarded fees on

1    remand to two parties. $24,750.00 to one party and $12,300.00 to the other.  (*Id.*)  Plaintiff

2    also references *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001), where the

3    Ninth Circuit affirmed a fee award of $28,650.00 in 2001—twenty-three-years ago.  (*Id.*)

4          Indeed, within this district, other Courts have awarded similar total fees to what

5    Plaintiff seeks.  *See e.g., Ecoshield Pest Sols.*, 2022 WL 2117844, at *5 (D. Ariz. June 13,

6    2022) (awarding $26,485.00 under Section 1447 in a remand action where counsel

7    expended 81.10 hours of work on the case).  The Court finds Plaintiff's request for

8    $18,954.00 in fees is reasonable when compared to similar cases—however—this figure

9    will be reduced based on Plaintiff's Counsel's reduced hourly rate.

10                    **3.      Lodestar Figure**

11          Under the lodestar method, the Court multiplies the number of hours expended by

12   the timekeeper's reasonable hourly rate.  After the Court's reduction of Counsel's hourly

13   rate to $400.00 per hour, his lodestar figure is $13,240.00 for 33.1 hours of work.  Counsel

14   also seeks 1.6 hours of paralegal time at $195.00 per hour which equals $312.00 total.  In

15   sum, Plaintiff is awarded a lodestar figure of $13,552.00.

16          Accordingly,

17          **IT IS ORDERED** that Plaintiff's Motion for Attorneys' Fees (Doc. 28) is

18   **GRANTED** and that Defendant's Motion for Reconsideration (Doc. 24) is **DENIED**.

19          **IT IS FURTHER ORDERED** that Defendant shall pay $13,552.00 in attorneys'

20   fees to Plaintiff **within 30 days** from the date of this order.

21          **IT IS FINALLY ORDERED** that Plaintiff shall file a notice of satisfaction **within**

22   **7 days** of receipt of the full amount of attorneys' fees as outlined in this Order.

23          Dated this 14th day of August, 2024.

24

25

26                                        _____
                                          Honorable Diane J. Humetewa
27                                        United States District Judge

28